## SANDFORD v. SHAFER.

(*Supreme Court, General Term, Fifth Department.* October, 1888.)

EVIDENCE—HEARSAY.

In an action to recover for injuries to a dog, alleged to have been inflicted by defendant, it is improper to admit evidence that a material witness for plaintiff had stated that he would, or was going to, shoot the dog, and that plaintiff had paid him to make an affidavit in the case, without laying a foundation for contradiction by asking the plaintiff's witness about the statements. Code Civil Proc. § 3063, providing that on appeals from justices objections merely technical and not affecting the merits shall be disregarded, does not abrogate the fundamental rules of evidence.

Appeal from a judgment of the county court of Steuben county, affirming a judgment of the justice's court entered on the verdict of a jury.

*D. M. Darrin*, for appellant.　*H. D. Baldwin*, for respondent.

DWIGHT, J. The action was to recover the value of a dog alleged to have been rendered helpless and worthless by the wrongful act of the defendant. The evidence on the part of the plaintiff was circumstantial. The fact was denied by the defendant as a witness. The jury found for the defendant, and the verdict cannot be disturbed as contrary to evidence. The only question is whether several manifest errors in the admission of evidence against the plaintiff can be disregarded under the provisions of section 3063 of the Code of Civil Procedure. They must be disregarded if they are technical merely, and do not affect the merits; otherwise if they are substantial, and do affect the merits of the case. The manifest errors disclosed by the record consisted in the admission, by the testimony of several witnesses, of the declarations of a third person, one Peter Titus, to the effect that he would, or was going to, shoot the plaintiff's dog; and that the plaintiff had paid him 25 cents to make an affidavit in reference to the facts of the case. Peter Titus had been a witness for the plaintiff, but no foundation whatever was laid for his contradiction in respect to either of the matters to which his alleged declarations related. The evidence objected to was merely hearsay, and was of a character likely to prejudice the plaintiff's case. The provisions of section 3063 of the Code, above referred to, are undoubtedly well intended, and of salutary effect when properly applied. They recognize the fact that justices of the peace are usually laymen, unskilled in distinctions, and better fitted to apply the maxims of common sense than to administer the strict rules of legal procedure. But they are not intended and cannot have the effect to abrogate, even in justices' courts, those fundamental rules of evidence which are necessary for the ascertainment of the truth in judicial investigations, and for the protection of the substantial rights of litigants. The language employed in the statute excludes such a construction. It authorizes the appellate court to disregard only "technical errors and defects which do not affect the merits." No rule of evidence is more indispensable than that which excludes hearsay testimony. The rights of parties are not to be imperiled by the loose and ir-

responsible declarations out of court of persons not parties to the controversy. This case furnishes a marked example of the violation of that important rule of evidence.	The witness Titus had testified to a fact of some importance in the chain of circumstantial evidence by which the plaintiff sought to establish his case.	Thereupon the defendant was permitted, without laying any foundation for attacking his credit by contradiction, to prove by two witnesses his declarations that the plaintiff had paid him 25 cents to make an affidavit, and by two other witnesses that he had himself threatened to kill the plaintiff's dog.	The evidence was calculated to prejudice the plaintiff's case, and to defeat his action.	It was objected to on the grounds here considered.	The cases cited by counsel for the respondent do not sanction the disregard of errors of this character.	In *Earle v. Lefler*, 10 N. Y. St. Rep. 807, and the cases there cited, it was held that the admission, in a justice's court, of incompetent testimony, to prove a fact clearly proved by other testimony of a competent character, is not such an error as requires the reversal of the judgment.	Such was not this case.	The facts sought to be established by the testimony here objected to were not proved by any other testimony.	The error of the admission of this testimony was not technical, and it went to the merits of the action.	They were errors of a character subversive of justice, and cannot be disregarded.	The judgments of the county court and of the justice's court must be reversed.	All concur, except BRADLEY, J., not sitting.